BABKA, Appellee,

v.

BABKA et al., Appellants.

[Cite as *Babka v. Babka* (1992), 83 Ohio App.3d 428.]

Court of Appeals of Ohio,
Summit County.

No. 15558.

Decided Nov. 4, 1992.

*E. Arthur Axner,* for appellee.

*Richard P. Ziegler,* for appellants.

REECE, Judge.

Defendant-appellant, James Babka, Sr., appeals that portion of the trial court's divorce decree dividing the parties' assets and setting spousal support payments. We affirm.

James and the plaintiff-appellee, Mary Babka, were married in 1979. No children were born as a result of this marriage, although James had two minor children as a result of a previous marriage. Mary helped raise these children until they reached the age of majority.

Mary filed for a divorce in 1990 and James counterclaimed. A trial was held in November 1991 and the court entered a final judgment on December 27, 1991, granting the divorce, dividing the parties' assets and determining that James pay Mary spousal support. James appeals, raising eight assignments of error.

## Assignments of Error

"II. The trial court erred in awarding the sum of $45,000 to plaintiff-appellee as her share of the proceeds from the sale of the marital residence as it failed to take into consideration defendant-appellant's contribution of pre-marital assets in its purchase."

"IV. The trial court erred in finding that a portion of defendant-appellant's life insurance policies were a marital asset and crediting him with that amount as his share of the total marital assets."

"VII. The trial court erred in equally dividing defendant-appellant's pension retirement funds by failing to take into consideration the respective ages of the parties pursuant to O.R.C. 3105.18(B)(2) [*sic*]."

"VIII. The trial court erred in requiring defendant-appellant to immediately pay plaintiff-appellee's share of pension/retirement funds which cannot be disbursed without tax penalties until defendant-appellant reaches retirement."

These four assignments all relate to the trial court's decision to divide property pursuant to R.C. 3105.171. Because R.C. 3105.18 requires a court to first divide property before it considers spousal support, we shall address these assignments first.

R.C. 3105.171 controls the distribution of property at the termination of a marriage. A court must determine whether property is marital property or separate property owned by one of the spouses.[1] After the court determines the status of the property, it must make an equitable distribution of that property. The court starts with the premise that the marital property should be equally divided. R.C. 3105.171(C)(1).

■ A trial court enjoys broad discretion in fashioning an equitable division of marital property and awarding spousal support. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 482, 450 N.E.2d 1140, 1141; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293, paragraph two of the syllabus. For an abuse of discretion to exist, the court's attitude must be

---

1. R.C. 3105.171(A) defines marital and separate properties as follows:

"(3)(a) 'Marital property' means, subject to division (A)(3)(b) of this section, all of the following:

"(i) All real and personal property that currently is owned by either or both of the parties, including, but not limited to, the retirement benefits of the parties, and that was acquired by either or both of the parties during the marriage;

"(ii) All interest that either or both of the parties currently has in any real or personal property, including, but not limited to, the retirement benefits of the parties, and that was acquired by either or both the parties during the marriage;

"(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either spouse or both spouses that occurred during the marriage.

"(b) 'Marital property' does not include any separate property.
" * * *

"(6)(a) 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
" * * *

"(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]"

"unreasonable, arbitrary or unconscionable" and not merely an error of law or judgment. *Blakemore, supra,* 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142.

We are asked to review the court's distribution of the property. The court distributed the separate property to each spouse and divided the marital property equally. Thus, we find that the court's actions were not an abuse of discretion.

■ In his first property-related assignment, James argues that the proceeds of the marital house should have been split in proportion to his initial two-thirds contribution to the purchase price. The court credited James with $97,783 as separate property for his contribution. The court then divided the remaining equity in the home equally. Because this equity was built during the duration of the marriage, we find the trial court correctly divided this asset.

■ James also questions the trial court's $9,000 reduction of his separate property interest in the marital residence. This reduction was taken from the value of James's previous home which was used as a portion of the downpayment on the marital home. The trial court did not announce findings of fact for this reduction, instead only listing the reduction in its calculations. James and Mary had lived in their previous home for six years, from 1979 until 1985, before buying the marital residence. Testimony was presented to the trial court that Mary had helped improve and maintain the first home. Further, marital assets likely were spent on this house. While the court did not advance these reasons for reducing James's separate property by $9,000, this evidence exists on the record. This court is guided by a presumption that the trial court correctly exercised its discretion. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184. Based on this presumption and our review of the record, we affirm the trial court's decision on this issue.

■ James also contends the trial court erred in awarding Mary $45,000 as her share of the proceeds from the sale of the residence. However, James mistakenly interprets the trial court's order. The court ordered that Mary receive half of the sale proceeds. James's approximately $45,000 of sale proceeds was to be distributed in order to facilitate a division of marital property. R.C. 3105.-171(E)(1) permits a court to make a distributive award to facilitate an equal division of property. Because many of the marital assets were life insurance policies and retirement accounts, the court ordered this distribution to avoid disturbing these assets.

■ In James's fourth assignment of error, he challenges the propriety of the court's findings that the life insurance policies purchased prior to the marriage were marital assets. However, the court found only those portions of the policies that were paid for with marital funds to be marital assets. The trial court did not

abuse its discretion by including these portions of the life insurance policies as marital assets.

■ James's seventh and eighth assignments of error deal with the trial court's inclusion of certain pension and retirement funds, held by James, as marital property. James does not challenge their inclusion as marital property; rather, he challenges the court's equal division of these pension funds and its failure to recognize his share of the property that will be lost by early withdrawal of the pension funds.

The trial court did not order James to withdraw any assets from his pension funds. To protect these assets, the trial court ordered James's proceeds from the sale of the marital residence to be distributed to Mary. R.C. 3105.171(E) permits the court to make a distributive award to facilitate a division of marital property. By ordering James's proceeds from the sale of the house to be distributed to Mary, the court avoided the penalties for early withdrawal that James alleges in his eighth assignment. Because James was not in fact required to suffer any penalties for early withdrawals, his eighth assignment of error is not well taken.

■ James also argues that because R.C. 3105.18(C)(1)(c) [2] requires the court to consider the age of the parties involved, the court should have divided the pension in proportion to that age difference. However, R.C. 3105.18 deals with an award of spousal support. R.C. 3105.171, which provides for the division of marital property, does not require a court to consider the age of the parties. Because the pension benefits were included in the property settlement and not in spousal support, the trial court did not err in failing to proportionately divide these assets. Accordingly, James's seventh assignment of error is without merit.

## Assignment of Error I

"The trial court erred in awarding plaintiff-appellee spousal support of $1,500 monthly for 24 months and $1,000 per month for an additional 24 months."

After the division of property is made, the trial court may consider whether an additional amount is appropriate and reasonable for spousal support and the duration that support will be required. R.C. 3105.18(B).

■ In determining whether spousal support is appropriate, a court shall be guided by the factors listed in R.C. 3105.18(C)(1). However, the amount of support is discretionary with the court. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 130–131, 541 N.E.2d 597, 599.

---

2.  James mistakenly cites R.C. 3105.18(B)(2) for this proposition. However, R.C. 3105.18 was recently amended and the correct cite is R.C. 3105.18(C)(1)(c). We will refer to this statute in our discussion of James's assignment.

In this case, the trial court stated that it considered the factors in R.C. 3105.18(C). Under these circumstances, there is a strong presumption that the trial court reviewed these factors. Further, the record does not show an abuse of discretion. Mary earned substantially less than the appellant, and evidence showed she would not be able to meet her expenses on her current salary. Considering the relative earning abilities of the parties, the trial court did not abuse its discretion in awarding Mary spousal support.

### Assignment of Error III

"The trial court erred in awarding the sum of $5,000 as and for attorneys [sic] fees to plaintiff-appellee."

It is within the trial court's discretion to award attorney fees in a divorce action. *Griesinger v. Griesinger* (Aug. 5, 1987), Medina App. No. 1542, unreported, at 16, 1987 WL 15596. When the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence, is not an abuse of discretion. *Id.;* see, also, *Richardson v. Richardson* (Dec. 28, 1988), Medina App. No. 1726, unreported, at 5, 1988 WL 139572.

It is evident that both attorneys spent a great deal of time on this case at the trial level. Certainly, the trial court was able to note this time and award attorney fees accordingly.

James argues that Mary's counsel submitted an affidavit requesting a certain amount for attorney fees. Because this affidavit was improperly admitted, James contends that there is no evidence on the record regarding attorney fees. Assuming *arguendo* that the affidavit was improperly submitted, a court may still properly award attorney fees in a divorce action if the amount of work and time spent on a case is apparent. Further, it is unclear whether James was prejudiced by this affidavit, as Mary's counsel requested $7,500 but was awarded only $5,000.

### Assignment of Error V

"The trial court erred in ruling that the joint TransOhio bank account of $16,051 was dissipated by the defendant-appellant and thereby crediting the full amount to marital property."

James posits that the court erred in finding he improperly dissipated his account at a TransOhio Bank. R.C. 3105.171(E)(3) permits a court to compensate one spouse with a distributive award or a greater award of marital property if the court finds the other spouse has engaged in financial misconduct, including the dissipation, destruction, concealment or fraudulent disposition of assets.

This account was liquidated just prior to the parties' divorce. James testified that he used these funds to pay marital debts but was unable to satisfactorily account for these funds to the trial court.

Evaluating evidence and assessing credibility are primarily for the trier of fact. *Ostendorf-Morris Co. v. Slyman* (1982), 6 Ohio App.3d 46, 47, 6 OBR 156, 157–158, 452 N.E.2d 1343, 1345. The trial court heard James's testimony and discounted it without an accounting to substantiate that testimony. We are offered no support to overturn this decision. Consequently, James's fifth assignment of error is overruled.

### Assignment of Error VI

"The trial court erred in not requiring the plaintiff-appellee to pay from her share of the proceeds of the sale of the marital home one-half (½) the cost of the furnace repair and one-half (½) the cost of the pump repair as ordered by referee Carol Deszo and, therefore, approved and ordered by the court."

On March 19, 1991, the trial court ordered the parties to share the costs of repairs to the marital home. This order was not included in the court's final order issued in December 1991.

The court did not give a rationale for excluding the repairs from the final order. James suggests that this was due to oversight by the trial court. If oversight is the cause of this exclusion, the proper method of correcting this error is in the trial court, not the appellate process.

Mary suggests the earlier order merged into the final order. This view is consistent with the rationale of *Colom v. Colom* (1979), 58 Ohio St.2d 245, 12 O.O.3d 242, 389 N.E.2d 856. The court in *Colom* stated, "the final judgment should replace all that has transpired before it." *Id.* at 247, 12 O.O.3d at 243, 389 N.E.2d at 858.

The trial court was presented with an opportunity to include the earlier order in the final judgment. It either chose not to, or mistakenly omitted it. We have not been presented with facts which lead to a reversal of that decision. James's sixth assignment of error is without merit.

Having reviewed all of James's assignments of error, the trial court's decision is affirmed.

*Judgment affirmed.*

COOK, J., concurs.

BAIRD, P.J., concurs in part and dissents in part.

BAIRD, Presiding Judge, concurring in part and dissenting in part.

Since the trial court specifically based its award of attorney fees upon an affidavit improperly filed after trial, I would reverse that award.

I concur in the balance of the majority opinion.