OPINION
Appellant, Mark W. Fulmer, appeals the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering the payment of spousal support in favor of appellee, Frances Z. Fulmer.
Appellant and appellee were married on November 29, 1969, and produced two children as issue of the marriage, both of whom were emancipated at the time of the divorce action. On June 12, 1997, appellant filed a complaint for divorce. The matter proceeded to a hearing on June 29, 1998, which resulted in the trial court issuing a judgment entry dated July 28, 1998, granting the divorce on the grounds of incompatibility.
Both parties entered into stipulations regarding the value of the marital residence, the value and division of any and all personal property, the value and division of their motor vehicles, the value of various accounts, and the value of appellee's pension. The parties further stipulated that appellant's workers' compensation claim was his separate property. The trial court approved the stipulations and made them part of its order after finding that they were fair and equitable. Thus, the only outstanding issues for the trial court to resolve were those concerning spousal support, payment of debts, and the disposition of appellant's Social Security benefits.
As part of the divorce decree, appellant would retain the marital residence and would have sixty days, beginning August 1, 1998, to obtain financing to purchase appellee's equity in the home. The trial court also ordered that appellee would be permitted to receive a spousal share of appellant's Social Security benefits. However, the court expressly stated that it would reserve jurisdiction to consider the valuation and division of appellant's Social Security benefits until the time when they began being paid, since there was no value submitted to the court for its determination. In addition, pursuant to the stipulation of the parties, the trial court decided that each party would retain his or her respective vehicle, free and clear of any claim of the other, and each party would be solely responsible for any remaining balance on their automobile.
Finally, the court found that appellant must pay $500, plus poundage, per month for spousal support, commencing August 1, 1998, and continuing for one hundred eight consecutive months. Beginning in month one hundred and nine, spousal support would be reduced to $200 per month until appellant began collecting his Social Security benefits, at which time spousal support would be reviewed.
Appellant filed a Civ.R. 60(B) motion for relief from judgment on August 27, 1998. In a December 22, 1998 judgment entry, the trial court overruled the Civ.R. 60(B) motion.
Appellant timely filed the instant appeal, and now asserts the following assignment of error:
 "The trial court abused its discretion upon issuing a spousal support order in favor of appellee based upon findings of fact contrary to the evidence and without consideration of factors set forth in R.C. 3105.18(C)."
 In raising this assignment of error, appellant contends that the trial court committed error by failing to consider critical factors required by Ohio law in determining spousal support, as required pursuant to R.C. 3105.18(C)(1). Specifically, appellant claims that the trial court neglected to consider the lump sum property division payment of $45,027.58 he made to appellee, which represented his purchase of appellee's equity interest in the marital estate, along with his $500 payment to appellee for her one-half interest in a 1987 Volvo automobile and an $829.19 payment for appellee's one-half interest in his pension. Appellant states that appellee would realize monthly income in the amount of $225 per month for the rest of her life from the lump sum payment.
Appellant further argues that the trial court erred in its determination of spousal support because his monthly net income was $2,027.45 per month, and not $2,300, as found by the court. Additionally, appellant states that his monthly house payment expense is $622 per month, which represented an increase from the monthly house payment prior to his refinancing of the home in order to provide the $45,027.58 lump sum payment to appellee. Finally, appellant claims that the trial court did not account for his monthly automobile expenses, which he claims equal $225 per month.
An award of spousal support is governed by R.C. 3105.18. The relevant portion of R.C. 3105.18(C) requires the trial court to consider several factors when determining the amount of spousal support to award.[1] The factors to be considered are the: income of the parties, relative earning abilities of the parties, ages and health of the parties, retirement benefits of each party, duration of the marriage, appropriateness of the custodial parent to seek employment outside the home, standard of living established during the marriage, education of the parties, assets and liabilities of the parties, contributions made by either party to the other party's education, time and expense necessary for the party seeking spousal support to become educationally qualified for appropriate employment, tax consequences for each party by a spousal support award, lost income of either party that resulted from that party's marital responsibilities, and other factors the court deems relevant. See, also, Kraska v. Kraska (Dec. 4, 1998), Portage App. No. 97-P-0094, unreported, at 6.
In making an award of spousal support, "the trial court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus. Moreover, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." Id. at paragraph two of the syllabus. Indeed, there is a presumption that a trial court properly exercised its discretion in making such an award. Babkav. Babka (1992), 83 Ohio App.3d 428, 433. Additionally, when a trial court expressly stated that it considered the factors articulated in R.C. 3105.18(C), there is a strong presumption that those factors were reviewed. Id.
Importantly, a trial court has broad discretion in awarding spousal support. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. The trial court's judgment cannot be disturbed on appeal absent an abuse of discretion. Id. In State v. Adams (1980),62 Ohio St.2d 151, 157, the Supreme Court of Ohio held that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."
In the case sub judice, the trial court expressly stated in its July 28, 1998 judgment entry that it had considered all of the factors set forth in R.C. 3105.18 before deciding that spousal support was appropriate and reasonable. Thus, pursuant to Babka, there exists a strong presumption that those factors were, in fact, reviewed. Moreover, in reviewing the trial court's judgment entry granting the divorce, it is apparent that each of the factors was considered.
We now turn to appellant's first claim, where it is argued that the trial court erred by failing to consider that appellee would realize a monthly income in the amount of $225 per month for the rest of her life by investing the $45,027.58 lump sum property division payment made to her.[2] We are unaware of any authority requiring appellee to invest her equitable share. Additionally, appellant has failed to provide any authoritative support for his contention. Furthermore, there is no evidence in the record that appellee could obtain a rate of return on her investment that would achieve interest in the amount of $225 per month.
Indeed, contrary to appellant's assertion, Ohio appellate courts have consistently refused to require the party receiving spousal support to invest his or her portion of the marital property division in order to reduce the need for spousal support.Frye v. Frye (Mar. 31, 1994), Franklin App. No. 93APF09-1218, unreported, at 6, 1994 WL 109708; Purden v. Purden (June 2, 1994), Franklin App. No. 93APF10-1428, unreported, at 3, 1994 WL 242523; see, also, Lonsway v. Lonsway (Sept. 3, 1999), Lake App. Nos. 98-L-130 and 98-L-171, unreported, at 12. Moreover, this Court has held that it is an exercise in speculation to reduce a spousal support obligation on the basis that property divided during the divorce could be invested. Lonsway, supra, unreported, at 12. In arriving at that conclusion, this Court implied that such an exercise was speculative because: (1) the party receiving spousal support need not actually invest the money, (2) even if it will be invested, there is no identified investment source at this juncture of the proceeding, and (3) the rate of return cannot be determined because the most advantageous investment scheme cannot be decided on the information before the trial court. See, generally, Lonsway, supra, unreported. In discussing Lonsway, and in fairness to counsel for both parties, we recognize that it was released after they had filed their briefs with this court.
Based on our analysis of appellant's first claim, we do not conclude that the trial court committed any abuse of discretion. Therefore, appellant's first claim is not well-taken.
In his second claim, appellant states that the trial court's order of spousal support should be reversed because it incorrectly determined that his net monthly income was $2,300 per month, rather than $2,027.45. Appellant claims that the disparity between the two amounts results from income he voluntarily places into a tax-deferred annuity each pay period.
Again, appellant neglects to cite to any authority that requires a court to reduce its monthly income calculations for a given party, by voluntary contributions made by that party to a tax-deferred annuity. Following that logic, appellant could theoretically reduce his net income to zero by contributing all of his money to an annuity and, thus, entirely disregard his duty to pay spousal support. Moreover, R.C. 3105.18(C) requires the trial court to consider all income of the parties. Hence, the record shows that the trial court did not commit an abuse of discretion in calculating appellant's net monthly income in the amount of $2,300. Accordingly, appellant's second claim is without merit.
In the third claim, appellant avers that the trial court erred by not taking into account the fact that his house payment increased to $622 per month, due to refinancing the marital residence in order to provide to appellee the lump sum payment totaling $45,027.58. Yet, at trial, appellant testified that although he was currently paying $574 for his house payment, the amount would be right around $450 after refinancing. The record reveals that at the time of the hearing, appellant had not yet secured financing and did not submit any evidence, other than his testimony, concerning the house payment he would be required to pay after refinancing the house. Based on the evidence before the trial court, it is clear that the court did not abuse its discretion in failing to conclude that appellant's house payment would total $622 per month. Thus, appellant's third claim is not well-founded.
In the fourth and final claim, appellant asserts that the trial court should have credited him, in its calculations of his available income, with monthly automobile expenses totaling $225 per month. The only evidence adduced on the matter consisted of the following testimony provided by appellant during his cross-examination on June 29, 1998, which follows:
 "Q. Now in your Support Affidavit — which you are referring to — with your testimony about your monthly expenses, your car other transportation is marked auto repairs, $225.00 a month. That seems awful high. What do you have to support that?
 "A. I've got all the receipts if you would like to see them. I don't have them with me but I can produce them to the Court."
"Q. That's every month?"
 "A. That's an average with what my bills are over $3,000.00 in repairs [sic]."
 Although appellant contended that he could provide documentation of his alleged automobile expenses, he never submitted such documentation into evidence. In addition, there was no evidence, testimonial or otherwise, that the repairs would continue at the rate of $250 per month. Accordingly, the trial court did not abuse its discretion in failing to credit appellant's monthly income with the automobile expenses alleged in this claim. Consequently, appellant's fourth claim is meritless.
For the foregoing reasons, appellant's assignment of error is not well-taken, and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _____________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., dissents with Dissenting Opinion, O'NEILL, J., concurs.
[1] R.C. 3105.18 was amended, effective January 1, 1998; however, we must apply the law as it existed at the time of the filing, which occurred on June 12, 1997. Harris v. Harris (July 20, 1992), Clermont App. No. CA92-03-028, unreported, at 2, fn. 1, 1992 WL 168923.
[2] Again, the lump sum payment consisted of appellant purchasing appellee's one-half interest in the marital residence, along with a $500 payment for her one-half interest in a 1987 automobile and an $829.19 payment for her interest in appellant's pension.