OPINION
Appellant, Roy Bayes, Sr., appeals a September 28, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, raising the following three assignments of error:
 [1.] THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT DID NOT MEET HIS BURDEN OF PROVING THAT HIS INCOME IS INSUFFICEINT TO PAY $1,000.00 PER MONTH IN SPOUSAL SUPPORT.
 [2.] THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT APPELLANT DID NOT MEET HIS BURDEN OF PROVING THAT HE HAD THE INABILITY TO PAY HIS SPOUSAL SUPPORT OBLIGATION; THUS THE COURT ERRED IN HOLDING APPELLANT IN CONTEMPT OF COURT.
 [3.] THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PURGE HIMSELF OF CONTEMPT BY LIQUIDATING THE SPOUSAL SUPPORT ARREARAGE AT THE RATE OF $500.00 PER MONTH DUE TO THE FACT THAT APPELLANT MET HIS BURDEN OF PROVING THAT HE HAS INSUFFICIENT INCOME TO PAY SAID AMOUNT.
The following facts are not in dispute. Appellant and appellee Joan Bayes were divorced on May 7, 1993. The divorce decree contained a property settlement, as well as an order to the defendant to pay spousal support in the amount of $2,000 per month. The terms of the decree specifically provided that the trial court retained jurisdiction to modify the amount of spousal support if appropriate.
Appellant began to fall behind in his support payments starting in 1993, ultimately becoming delinquent in the amount of $8,308.47. Appellant's delinquency prompted the appellee to file a motion for contempt on September 29, 1999. Appellant responded by filing a motion to modify the amount of his spousal support obligation on February 10, 2000. Both motions were referred to a magistrate of the court, who held a full evidentiary hearing on September 28 and 29, 2000. After listening to the testimony of both parties and reviewing the record, the magistrate issued a decision in which she found and recommended: (1) that appellant's spousal support obligation be reduced to $1,000 per month; (2) that the defendant was in contempt, but could purge himself thereof by liquidating his support arrearage at the rate of $500 per month; and (3) that appellant should be required to pay $595 to the appellee as and for attorney fees and costs associated with bringing her motion for contempt.
On February 21, 2001, appellant filed three objections to the decision and recommendation of the magistrate. The arguments raised in those objections were the same arguments raised in support of his motion to reduce his support obligation, and are the same arguments raised before this court on appeal. They are: (1) that the magistrate and trial court abused their discretion in setting appellant's support obligation at $1,000 per month because appellant has insufficient income to pay this amount; (2) that a finding of contempt is also an abuse of discretion as the court abused its discretion in finding that appellant is able to make the reduced monthly support payment; and (3) that the order to liquidate his support arrearage was an abuse of discretion for the same reason.
R.C. 3105.18 vests trial courts with broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. Stated alternatively, a trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude was clearly unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 2 19.
After reviewing the magistrate's decision, the record of the proceedings before the magistrate, and the argument of counsel before the court, the court overruled each of the appellant's objections. In doing so, the court highlighted the following evidence and testimony.
Both parties testified that the appellant was employed as a sole proprietor who did not employ any other individual in his business. Both parties also testified that the majority of the appellant's business is transacted in cash, and that he is the only individual who keeps the books and business records of his enterprise. During the course of the hearing before the magistrate, appellant offered a 1997 income tax return which listed sales of $130,752, and net income of $34,575. He also offered a 1998 income tax return which listed sales of $73,249, and net income of $24,659, and a 1999 return listing sales of $83,910, and net income of $20,975. However, none of these returns had been signed or filed by appellant. Finally, it was undisputed that appellant received Social Security benefits in the amount of $1,118 per month.
Additional evidence was introduced that appellant applied for a loan one month prior to the hearing before the magistrate, listing on the loan application sales in the amount of $160,000. This loan application was granted. Appellant also did not dispute evidence that he received as a result of the parties' divorce unencumbered real property valued at between $90,000 and $200,000. Moreover, during the period of his delinquency, appellant purchased property with a market value of $114,000, and in which he holds approximately $29,500 in equity. Appellant also purchased a home one month before the hearing, incurring a $770 per month mortgage payment and an insurance payment of approximately $300 per month. These two debts alone would absorb completely appellant's only claimed cash flow of $1,118 per month. However, there also appears to be another mortgage payment for which the appellant is responsible on a debt of approximately $7,500.
Both the magistrate as well as the trial court stated that they had considered all of the evidence and the applicable statutory factors, namely, R.C. 3105.18. When a trial court specifically indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered. Babka v. Babka (1992), 83 Ohio App.3d 428, 435. Having carefully reviewed this matter, we are unable to find that the trial court acted in a clearly arbitrary or unconscionable manner. Accordingly, all three of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BROWN and LAZARUS, JJ., concur.