ACCELERATED DOCKET JOURNAL ENTRY and OPINION
Kathy Lee Gray appeals from a judgment of the domestic relations division of the common pleas court which ordered her ex-husband, Michael Warren Gray, to pay her spousal support in the amount of $500/month for 5 years. On appeal, she argues that this amount is insufficient to adequately provide for her family.
After review of the record, we have concluded that the trial court properly exercised its discretion in awarding spousal support in this amount. Accordingly, we affirm the judgment of the trial court.
Kathy Lee and Michael Gray married on November 12, 1983. Two children were born issue of the marriage, David, born December 11, 1983, and Shawn, born August 4, 1987.
At the time of marriage, Michael did not have employment. However, with the financial assistance of Kathy's family, he earned a third class stationary engineer's/boiler's license from the Westside Institute of Technology, and as a result, in 1984, Cleveland Electric Illuminating Company hired him. He remained employed with Cleveland Electric until December 1998, when he quit and took a job with Duquense Light Company in Pittsburgh, Pennsylvania.
In January 1999, Michael began to commute from their marital home at 3118 North Avenue, in Parma, Ohio, to his job in Pittsburgh.
On July 16, 1999, Kathy, filed a complaint for divorce in domestic relations court. The court conducted trial of this matter on May 31, 2000. On July 14, 2000, the court issued a judgment entry which granted divorce, divided their property, granted Kathy custody of the two minor children, awarded her child support in the amount of $382.34/month per child, and awarded her spousal support in the amount $500/month for five years.
Kathy appealed, and in Gray v. Gray (June 28, 2001), Cuyahoga App. No. 78419, we affirmed the judgment of the trial court in part, but reversed the award of spousal support and remanded that matter for additional findings of fact, pursuant to R.C. 3105.18(C)(1), because the trial court had failed to evaluate the statutory factors in its journal entry.
On remand, the trial court issued a judgment entry specifically addressing each of the R.C. 3105.18(C)(1) factors, but again awarding Kathy $500/month spousal support.
Kathy again appeals, raising two assignment of error for our review. They state:
 THE TRIAL COURT ABUSED ITS DISCRETION BY NOT AWARDING THE WIFE SUFFICIENT MEANS TO SUPPORT HER FAMILY.
 THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING SPOUSAL SUPPORT WHICH IS INADEQUATE AND UNFAIR.
Kathy argues that the trial court erred in awarding spousal support, urging that $500/month is insufficient to satisfy her needs. In this regard, she relies on Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 68-69,554 N.E.2d 83, where the court stated:
 "Any grant of `alimony' for sustenance is necessarily co-extensive with the court's determination that it is needed and warranted. * * *" (Emphasis added.) Wolfe, supra, at 414, 75 O.O.2d at 482, 350 N.E.2d at 423. Hence, it follows that a trial court must determine whether there is a need for sustenance alimony, and, if so, the amount needed and the duration of the need. Need is "[a] relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it. [The] [t]erm means to have an urgent or essential use * * *." Black's Law Dictionary (5 Ed. 1979) 929.
However, the need standard set forth in Kunkle has been statutorily replaced by an appropriate and reasonable standard delineated in R.C.3105.19(C)(1). See, e.g., McConnell v. McConnell(Feb. 3, 2000), Cuyahoga App. No. 74974, where we stated:
 After Kunkle, the General Assembly redefined R.C. 3105.18 (C) (1) to include the appropriate and reasonable standard.
 Suggesting at least that the need factor is not the only barometer in which a trial court may be guided to award spousal support.
R.C. 3105.18(C)(1) states:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
The trial court enjoys broad discretion in awarding spousal support, and we will not reverse such a decision absent an unreasonable, arbitrary, or unconscionable attitude exhibited by the court. See, e.g., Macko v. Macko (Feb. 26, 1998), Cuyahoga App. No. 72339, citing Babka v. Babka (1992), 83 Ohio App.3d 428, 432, 615 N.E.2d 247, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140, 1141; Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293, paragraph two of the syllabus.
Here, the trial court specifically addressed each of the R.C.3105.18(C)(1) factors, and made the following findings:
(a) Neither party has income producing property.
 (b) Appellee earns $50,000 per year; appellant earns $17,000.00. [A]ppellant's earning ability is minimal at this time.
 (c) Appellant is 38 years of age; appellee is 45 years of age. Both parties are in good health.
 (d) The appellee's pension with a value of $25,887.86 and a 401-K with a value of $4,040.00 was divided equally between the parties. No evidence was presented regarding the retirement benefits of the appellant.
(e) The parties were married for 17 years.
(f) No evidence was presented as to this factor.
 (g) Both parties testified that there was never enough money to pay their monthly obligations and that they borrowed significant sums of money from appellant's father which was never repaid.
 (h) Appellee has a boiler license for heating and cooling which was financed by appellant's family. Appellant did not complete high school and has yet to obtain her GED.
 (i) Appellee was ordered to pay the joint City Loan debt in the amount of $2,200.00, $12,943.93 borrowed from appellant's father, and $5,000.00 toward Appellant's attorney fees. Appellant was awarded appellee's interest in the marital residence, which, in appellant's opinion, has a fair market value of $82,000.00 with a mortgage balance of $84,000.00.
 (j) Appellant's family contributed to appellee's obtaining a boiler's license.
 (k) Appellant testified that she intends to take some computer courses and advance her career at Sears. She has yet to obtain her GED.
(l) No evidence was presented.
 (m) Appellant worked part time as a sales clerk occasionally during the marriage. No evidence was presented as to her lost income production capacity.
 (n) The parties entered into a temporary support agreement on September 13, 1999 at Volume 3461, Page 0623 that Appellee would pay $742.00 per month in child support and $500 per month in spousal support. Appellant agreed to pay the mortgage payment, current real estate taxes and homeowner's insurance on the marital residence which she failed to do.
 Appellant's father paid approximately $8,100.00 to keep the house out of foreclosure. Both party's monthly expenses far exceed the money available to them.
 Appellee has additional expenses associated with visitation since he lives in Pennsylvania.Appellee was ordered to pay the health insurance for the children, but appellant unilaterally obtained health insurance for the children through her employer at a cost of $141.00 per month.
 Appellee has Blue Cross/Blue Shield available for the children.
The trial court expressly considered each of the R.C. 3105.18(C)(1) factors, and its findings in this regard are supported by the record. Although the spousal support award is inadequate to meet Kathy's monthly expenses, need is only one factor to consider in awarding spousal support, and the evidence demonstrates insufficient funds to meet the needs of both parties. The trial court expressly recognized that when it stated, Unfortunately, there simply is not enough money available to support both households.
The fact that $500/month is insufficient to satisfy Kathy's needs does not render this spousal support award inappropriate and unreasonable. Based upon consideration of all the statutory factors, we have determined that the court did not abuse its discretion in awarding spousal support in the amount of $500/month. Accordingly, we reject these assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.