DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elizabeth Volk ("Elizabeth"), appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted her a divorce from appellee, David Volk ("David"), and divided their marital property. We affirm in part and reverse in part.
 I. {¶ 2} Elizabeth and David were married on November 9, 1984. During the marriage, the couple purchased a sandblasting business that had been built by Elizabeth's father. David and Elizabeth both worked for the business. The couple apparently paid many personal expenses through the business including the purchase of many marital assets. Elizabeth filed a complaint for divorce on May 31, 2001. She was no longer working for the sandblasting business and, by the time of the divorce, David had closed the business because it was encumbered with debt due to its failure to pay income taxes and Workers' Compensation premiums.
 {¶ 3} Following a hearing, the trial court granted the parties a divorce, divided their property, awarded no spousal support, and designated Elizabeth as the residential parent of the couple's only child. Elizabeth appeals and raises six assignments of error, some of which will be consolidated and addressed out of order for ease of discussion.
 II. First Assignment of Error "The trial court erred in its determination of separate andmarital property and in its allocation of this property to theparties."
 {¶ 4} Through her first assignment of error, Elizabeth challenges the trial court's failure to characterize two Corvettes as marital property and also challenges the trial court's valuation of certain marital assets: a CMC motorcycle and the gun collection.
 {¶ 5} Elizabeth begins her argument by misstating the standard of review. She contends that the trial court's failure to classify the two Corvettes as marital property was a question of law that is reviewed under a de novo standard of review. This issue does not pose a question of law, nor is it reviewed under an abuse of discretion standard. We have repeatedly held that the characterization of property upon divorce as either marital or separate is a factual inquiry, and we review such characterization as we review any other question of fact. See, e.g., Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113. The trial court's determination of the value of the parties' assets is likewise a factual question that must be supported by evidence that was before the trial court. See Tothv. Toth (Jan. 24, 2001), 9th Dist. No. 19997.
 {¶ 6} Elizabeth contends that the trial court erred in failing to characterize two Corvettes as marital property. The trial court classified the 1965 Corvette as David's separate property and did not include the 1981 Corvette on the list of property owned by either or both spouses.
 {¶ 7} According to Elizabeth, the 1965 Corvette should have been classified as marital property because, at one point, the vehicle was titled in Elizabeth's name and, although David owned the car before the marriage, it was purchased with a home equity loan that was paid off during the marriage. The mere fact that the 1965 Corvette was titled in Elizabeth's name for a brief period does not establish that the vehicle lost its character as David's separate property. "[T]he form of title is relevant to, but not conclusive of, the classification of property being either marital or separate." Barkley v. Barkley (1997),119 Ohio App.3d 155, 161. There was no evidence that Elizabeth exercised control over the car or that David surrendered his ownership of it. Thus, the fact that the vehicle was briefly titled in Elizabeth's name, standing alone, does not demonstrate that the trial court erred in finding the vehicle to be David's separate property.
 {¶ 8} Elizabeth also points to evidence that the 1965 Corvette appreciated in value during the marriage from $2,500 to $20,000 and she contends that the appreciation in value was marital property. David asserts, however, that R.C.3105.171(A)(6)(a)(iii) defines "separate property" to include passive appreciation on the separate property of one spouse. "[A]ppreciation that results from an increase in the fair market value of separate property due to its location or inflation is considered passive income." Polakoff v. Polakoff (Aug. 4, 2000), 11th Dist. No. 98-T-0163. David contends that, because there was no evidence to the contrary, the appreciation in value of his 1965 Corvette was properly determined by the trial court to be his separate property.
 {¶ 9} The burden was not on Elizabeth, however, to establish that the appreciation was due to marital labor or monetary expenditures and therefore was not passive. Instead, because David sought more than his $2,500 premarital separate interest in the 1965 Corvette, "he ha[d] the burden of proving by a preponderance of the evidence that the appreciation of his separate interest was passive." Hemming v. Hemming, 10th Dist. No. 02AP-94, 2002-Ohio-4735, ¶ 10. See, also, Slomcheck v.Slomcheck, 11th Dist. No. 2001-T-0098, 2002-Ohio-4952, ¶ 13;Golick v. Golick (Dec. 17, 2001), 12th Dist. Nos. CA99-05-040 and CA99-05-045. Consequently, because there was no evidence before the trial court to establish that a specific portion of the increase in the Corvette's value was due to passive appreciation, David failed to meet his burden to establish that the appreciation was his separate property. Consequently, the trial court erred in finding that $17,500 of the value of the 1965 Corvette was David's separate property. The trial court should have found instead that $17,500 of the 1965 Corvette's value was marital property.
 {¶ 10} Elizabeth also disputes the trial court's failure to find that the 1991 Corvette was a marital asset. Instead, it implicitly found that the vehicle was property owned by David's daughter from a prior marriage. The trial court had evidence before it that David had sold the 1991 Corvette to his daughter. Elizabeth fails to point to any contradictory evidence in the record except that David paid for window tinting on the car after he claimed to have sold it. It is not inconceivable that a father would spend money on a vehicle owned by his daughter. Thus, the trial court had evidentiary support for its implicit conclusion that the 1991 Corvette belonged to David's daughter and its failure to include it as a marital asset was supported by the evidence.
 {¶ 11} Elizabeth further asserts that the trial court undervalued the CMC motorcycle and the gun collection. The only evidence of the value of the CMC motorcycle was a written appraisal that valued the motorcycle at $7,000 and David's testimony that he sold it for that same amount. Elizabeth insists that the motorcycle was worth more than three times that value. Although Elizabeth presented evidence that several thousand dollars had been spent on the motorcycle during the time that David owned it, she offered no evidence that the expenditures had increased its value in any way. In fact, David testified that some of the expenditures were for repairs because the motor had "blown up." Consequently, the trial court's valuation was supported by the evidence before it.
 {¶ 12} The trial court valued the gun collection at $10,447.50, based on an appraiser's written estimate of the collection's cash value. Elizabeth contends that the trial court erred in accepting the appraiser's cash value figure rather than the appraiser's higher estimate of the collection's retail value. Elizabeth presented no evidence to the trial court to dispute the appraiser's valuation, however, nor does she cite any authority on appeal to support her position that the trial court erred in using the appraiser's estimate of the collection's cash value. Thus, she has failed to demonstrate that the trial court's valuation of the gun collection was not supported by the evidence.
 {¶ 13} The first assignment is sustained insofar as it challenges the trial court's classification of the $17,500 appreciation on the 1965 Corvette as David's separate property. That portion of the vehicle's value should have been classified as marital property that was subject to division. The remainder of the assignment of error is overruled.
 Second Assignment of Error "The trial court erred in undervaluing aaa sandblastingfinding that it had no value aside from its assets and notincluding cash withdrawn by [david]."
 Fourth Assignment of Error "The trial court erred in its denying spousal support to[elizabeth] where the marital business and its successor paidhusband's personal expenses well in excess of his statedincome."
 {¶ 14} These assignments of error will be addressed together because they are related. Elizabeth asserts that the trial court undervalued the assets of the couple's former sandblasting business and David's income from that business and, as a result, failed to award her spousal support and gave her an inequitable distribution of marital assets.
 {¶ 15} As indicated above, we will not reverse the trial court's valuation of a marital asset unless it is not supported by the evidence before the trial court. Moreover, a trial court is not required to use a particular valuation method when determining the value of a marital asset. Focke v. Focke
(1992), 83 Ohio App.3d 552, 554. The trial court's factual findings on the annual income of either spouse likewise must be supported by the evidence presented at the hearing.
 {¶ 16} To support her contention that the trial court underestimated David's income and the value of the couple's sandblasting business, she points to the following evidence: the 1997 tax returns for the business that indicated that it had a much higher value, checks indicating that David had transferred nearly $10,000 from the business to his new business, and David's own admissions that he paid personal expenses with company funds.
 {¶ 17} Even if the court underestimated David's income from his former sandblasting business, it does not seem that Elizabeth suffered any prejudice as a result. The evidence before the trial court demonstrated that, for several years during the marriage, the couple represented to the Internal Revenue Service that their combined income from the sandblasting business was approximately $40,000 but that income figure was probably underestimated because they were using company funds to purchase marital assets and pay many of their personal expenses. Elizabeth suggests that only David was involved in and benefited from this practice. The evidence demonstrated, however, that Elizabeth participated in the practice, as she was involved in the company's bookkeeping, and she also benefited from the practice because it likely served to decrease their marital income tax liability and was used to purchase many marital assets. Consequently, Elizabeth cannot demonstrate that she was prejudiced by an income-reducing practice that she participated in and benefited from.
 {¶ 18} The only evidence of David's current income, from a new sandblasting business, indicated that he was making even less income than he claimed to have made from the former business. Elizabeth offered no evidence to the contrary. Nonetheless, the trial court found David to be underemployed and capable of earning income at his prior level and imputed that income to him. Elizabeth has failed to convince this court that the trial court erred in computing David's income from his new business.
 {¶ 19} During the pendency of the divorce, David closed the business because it was laden with debt that it could not pay. Consequently, as the business was no longer a going concern, the trial court valued the business according to the value of its assets rather than its value on paper from 1997, nearly five years earlier. Elizabeth presented evidence that David transferred nearly $10,000 from the old business to his new business, and now suggests on appeal that he somehow hid this asset from the trial court's consideration. She has failed to convince this court, however, that the trial court did not properly account for this asset in its property division. Although the asset was not included as part of the value of the former company, it may have been included in the calculation of David's current income. Elizabeth has failed to demonstrate that the trial court erred in its valuation of the former business. The second and fourth assignments of error are overruled.
 Third Assignment of Error "The trial court erred in ordering wife to pay half of [the]outstanding corporate taxes and in failing to order husband tocontribute to the cost of tax preparation for aaa sandblastingwhich had been paid by wife."
 Sixth Assignment of Error "The trial court erred in failing to require husband to beresponsible for the real estate taxes on the marital residenceuntil the property is sold."
 {¶ 20} We will address these assignments of error together because they are closely related. Elizabeth challenges the trial court's division of some of the marital debt and its failure to order David to repay her for half of the money she claimed to have paid an accountant to prepare income tax returns for the former business. Absent an abuse of discretion, the division of marital debt will be affirmed. Fields v. Fields (Apr. 8, 1992), 9th Dist. No. 15235, at 8. "For an abuse of discretion to exist, the court's attitude must be `unreasonable, arbitrary or unconscionable' and not merely an error of law or judgment."Babka v. Babka (1992), 83 Ohio App.3d 428, 432-33. (Citation omitted.)
 {¶ 21} Elizabeth takes issue with the trial court dividing the income tax liability for the former sandblasting business for years 1997 through 2000 and in dividing its debt to Workers Compensation. The sandblasting business was a marital asset that had benefited both parties. Elizabeth fails to point to any evidence to demonstrate that it was unreasonable, arbitrary, or unconscionable to divide the debts associated with that business. Moreover, the trial court did not divide the entire income tax liability on the business that was incurred during the marriage. Instead, it ordered that David would be solely responsible for the income tax liability for the year 2001 and after because he had been in exclusive control of the business at that time.
 {¶ 22} Elizabeth also challenges the trial court's division of the real estate taxes due on the couple's residence. She asserts that David should have been ordered to pay them because he had been living in the residence after they separated. Again, however, Elizabeth points to no evidence to demonstrate an abuse of discretion by the trial court. The trial court found that eighty-one percent of the equity in the home was marital property and ordered that it be divided accordingly after the home is sold. It was not unreasonable or arbitrary to also divide the unpaid real estate taxes associated with the residence, particularly because they had accrued during the marriage.
 {¶ 23} Elizabeth also takes issue with the trial court's failure to require David to pay half of the $690 cost for income tax preparation for the former business that she claimed to have already paid. Although Elizabeth introduced an invoice from the accountant for $325, with "paid" handwritten on it, there is nothing to indicate that Elizabeth paid that $325, let alone the $690 that she claimed to have paid. It was within the trial court's province as trier of fact to reject her testimony on this issue. Consequently, Elizabeth has failed to demonstrate that the trial court erred in failing to allocate this cost between the parties.
 {¶ 24} Elizabeth has failed to demonstrate an abuse of discretion by the trial court. The third and sixth assignments of error are overruled.
 Fifth Assignment of Error "The trial court erred in ordering wife to bear one half ofhusband's purported radiologist bill where there was nodocumentation of any outstanding balance."
 {¶ 25} At oral argument, the parties indicated that this issue has been resolved by a subsequent action of the trial court. Because this assigned error is moot, it will not be addressed.
 III. {¶ 26} The first assignment of error is sustained insofar as it challenges the trial court's failure to classify the appreciation on the 1965 Corvette as marital property. The remainder of the first assignment of error as well as the second, third, fourth, and sixth assignments of error are overruled. The fifth assignment of error was not addressed because it is moot.
 {¶ 27} The judgment of the trial court is affirmed in part. The judgment is reversed only insofar as it failed to classify $17,500 of the value of the 1965 Corvette as marital property and, as a result, failed to equitably divide the marital property. The case is remanded to the trial court for a redivision of the couple's marital property, with the $17,500 included among the assets.
Judgment affirmed in part and reversed in part and the cause remanded.
Carr, J. Whitmore, J. concur