[Cite as *Collins v. Collins*, 2011-Ohio-4973.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KATHY COLLINS | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Hon. Patricia A. Delaney, J. |
| WILLIAM COLLINS | Case No. 2010CA00283 |
| Defendant-Appellant | |
| and | |
| KATHY COLLINS | |
| Plaintiff-Appellant | Case No. 2010CA00299 |
| -vs- | |
| WILLIAM COLLINS | |
| Defendant-Appellee | |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Domestic Realtions Court, Case No. 2010DR231 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | September 26, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| TRACEY LASLO<br>325 E. Main St.<br>Alliance, Ohio 44601 | DAVID S. AKE<br>101 Central Plaza, South, Ste. 600<br>Canton, Ohio 44702 |

*Hoffman, P.J.*

{¶1}   In Stark County App. No. 2010CA00283, defendant-appellant William Collins ("Husband") appeals the September 16, 2010 Final Entry/Decree of Divorce entered by the Stark County Court of Common Pleas, Domestic Relations Division, relative to the trial court's property division.   Plainiff-appellee therein is Kathy Collins ("Wife"). In Stark County App. No. 2010CA00299, Wife appeals the same entry relative to the duration of spousal support.   Defendant-appellee therein is Husand.

STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married on July 5, 1978, in Carroll County, Ohio. Two children were born as issue of the marriage, both of whom are now emancipated. On February 26, 2010, Wife filed a Complaint for Divorce, alleging as grounds gross neglect of duty and extreme cruelty, and incompatibility.   Husband filed a timely answer and counterclaim, alleging as grounds extreme cruelty and incompatibility.

{¶3}   The magistrate issued temporary orders on March 17, 2010.   Pursuant thereto, each party was to pay his/her own living expenses, and neither party was to receive or pay spousal support.   The matter came on for final hearing before the trial court on September 2, 2010.   The trial court issued its Final Entry/Decree of Divorce on September 16, 2010.   The trial court found the settlement monies from a sexual harassment lawsuit the parties brought against Wife's employer were Wife's separate property.   The trial court ordered Husband to pay Wife spousal support in the amount of $400/month for a period of seven years.   The trial court retained jurisdiction over the spousal support order.   The trial court also ordered Husband to pay Wife the sum of $73.00 in order to equalize the property division.

{¶4} Wife filed a Civ. R.60(A) Motion for Relief from Judgment, asserting the trial court incorrectly found the parties had a marriage of twenty-three years rather than the actual length of thirty-three years, and as a result of the miscalculation of the length of the marriage, the duration of the spousal support order was inappropriate. The trial court has not ruled on this motion.

{¶5} It is from the September 16, 2010 Final Entry/Decree of Divorce Husband appeals, raising the following assignments of error:

2010CA00283

{¶6} "I. THE TRIAL COURT ERRED BY FAILING TO PLACE A VALUE ON AND DIVIDE THE PARTIES' HOUSEHOLD GOODS AND FURNITURE.

{¶7} "II. THE TRIAL COURT ERRED BY DECIDING THAT THE PROCEEDS FROM A LAWSUIT WERE SEPARATE PROPERTY."

{¶8} Wife appeals from the same, raising as error:

2010CA00299

{¶9} "I. THE TRIAL COURT ERRED IN THEIR COMPUTATION OF LENGTH OF MARRIAGE, THEREBY RESULTING IN ERROR/MISCALCULATION OF DURATION OF SPOUSAL SUPPORT, AS AND AGAINST THE TRIAL COURT'S OWN FINDINGS AND THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} "II. THE TRIAL COURT FAILED TO NET THE SEXUAL HARASSMENT LAWSUIT PROCEEDS IN ACCORD WITH PRIOR ORDER OF PAYMENT TO FORD CREDIT, AS AND AGAINST THE TRIAL COURT'S OWN ORDERS AND THE MANIFEST WEIGHT OF EVIDENCE.

**{¶11}** "III. THE TRIAL COURT ERRED IN RESTATING THE DEBT ON THE 2007 FORD F150 AS $11,500.00 RATHER THAN $22,786.56, AS AND AGAINST THE TRIAL COURT'S OWN FINDINGS AND THE MANIFEST WEIGHT OF THE EVIDENCE."

2010CA00283

**{¶12}** In his first assignment of error, Husband maintains the trial court erred in failing to value and subsequently divide the parties' household goods and furniture. We agree.

**{¶13}** A trial court enjoys broad discretion in fashioning an equitable division of marital property and awarding spousal support. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218. For an abuse of discretion to exist, the court's attitude must be "unreasonable, arbitrary or unconscionable" and not merely an error of law or judgment. Id. at 219. A reviewing court in domestic relations proceedings is guided by the presumption the trial court correctly exercised its discretion. *Babka v. Babka* (1988), 83 Ohio App.3d 428, 433.

**{¶14}** Husband testified he had the household goods appraised. Although Wife objected to the introduction of the appraisal report, Exhibit J, Husband testified the total appraisal of the property was $5,735.00. Wife did not object to or move to strike that testimony. We are aware the trial court did not admit the appraisal report into evidence.

**{¶15}** The trial court did not place a value on the marital property in the Final Entry/Decree of Divorce. However, the trial court stated, "In order to achieve equity in the division of property, the husband shall pay to the wife $73.00 within thirty (30) days of this order." Final Entry/Decree of Divorce at 3. Because the trial court had some

evidence as to the value of the marital property, it should have placed a value on such and then order a division.

{¶16} Husband's first assignment of error is sustained.

II

{¶17} In his second assignment of error, Husband contends the trial court erred in determining the proceeds Husband and Wife received from the settlement of a lawsuit were separate property. We agree.

{¶18} The determination of whether property is marital or separate is a mixed question of law and fact and will not be reversed unless it is against the manifest weight of the evidence. *Torres v. Torres,* Cuyahoga App. Nos. 88582 and 88660, 2007–Ohio–4443, at ¶ 14. Once the characterization is made, the actual distribution of the property will not be disturbed absent an abuse of discretion. *Larkey v. Larkey* (Nov. 4, 1999), Cuyahoga App. No. 74765, citing *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 421 N.E.2d 1293.

{¶19} Marital property is defined as "[a]ll real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i).  " 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: * * *(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets."

{¶20} Both Husband and Wife testified the settlement was awarded as lost wages. Accordingly, we find the trial court's finding the settlement award was separate property is against the manifest weight of the evidence. R.C. 3105.171(A)(6)(a).

{¶21} Husband's second assignment of error is sustained.

Appeal No. 2010CA00299

I

{¶22} In her first assignment of error, Wife asserts the trial court erred in finding the length of the marriage to be 22 years and, as a result, miscalculated the duration of the spousal support award.

{¶23} It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. *Kunkle v. Kunkle* (1990), 51 Ohio St .3d 64, 67; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 352. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore*, supra at 219.

{¶24} "In making a spousal support award, a trial court must 'consider all of the relevant factors in [ R.C. 3105.18 ] * * * then weigh the need for support against the ability to pay'." *Layne v. Layne* (1992), 83 Ohio App.3d 559, 562-563. The resulting award must be "fair, equitable and in accordance with the law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 94. An equitable result requires that "to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable

to that established during the marriage as adjusted by the various factors of [R.C. 3105.18]." *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 110.

**{¶25}** The parties were married on July 5, 1978. The date of the final hearing was September 2, 2010. This is a period of 32 years, not 22 years as the trial court found. Accordingly, we sustain Wife's first assignment of error, and remand the matter to the trial court to correct the Final Entry to reflect the correct length of the marriage. Upon remand, the trial court shall reconsider all the factors in redetermining spousal support in light of this correction.[1]

II, III

**{¶26}** In light of our disposition of Husband's second assignment of error in Stark App. No. 2010CA00283, we find Wife's second and third assignments of error to be premature.

---

[1] To clarify, this Court is not directing a change in the spousal support order but merely a redetermination and possible change in light of the correction as to length of the marriage.

{¶27} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Delaney, J. concurs, and

Wise, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

*Wise, J., dissenting in part*

{¶28} I respectfully dissent from the majority's decision to sustain Husband's first assigned error. The trial court in this instance prepared a detailed chart regarding marital property division, which provides an explanation of how the court arrived at the equalization payment of $73.00. At trial, the court ultimately rejected Husband's appraisal exhibit "J" concerning the household goods (Tr. at 76) and implicitly gave them zero value as marital property in the property division chart. I am not persuaded that the trial court's decision in this regard rose to the level of an abuse of discretion.

s/ John W. Wise _____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KATHY COLLINS | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM COLLINS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010CA00283 |
| | : | |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with our Opinion and the law. Costs assessed to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KATHY COLLINS                          :
                                       :
        Plaintiff-Appellant            :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
WILLIAM COLLINS                        :
                                       :
        Defendant-Appellee             :        Case No. 2010CA00299
                                       :


        For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas, Domestic Relations Division, is reversed and the

matter remanded for further proceedings consistent with our Opinion and the law.

Costs assessed Appellee.



                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. JOHN W. WISE


                                        s/ Patricia A. Delaney_____
                                        HON. PATRICIA A. DELANEY