OPINION
{¶ 1} Defendant-appellant Richard P. Worley appeals the May 9, 2006 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, in favor of plaintiff-appellee Dawn L. Worley.
 STATEMENT OF THE CASE {¶ 2} The parties were divorced by Decree of Divorce filed on May 9, 2006. Pursuant to the decree, plaintiff-appellee was named residential parent of the parties' minor child. Defendant-appellant was ordered to pay child support according to the statutory guidelines. The decree also required appellant pay appellee spousal support in the amount of $600.00 per month for a period of seven years. Appellant was ordered to pay appellee's attorney fees in the amount of $2,500.00.
 {¶ 3} Appellant now assigns the following as error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN THE CALCULATION OF DEFENDANT-APPELLANT'S CHILD SUPPORT OBLIGATION BY INCORRECTLY ESTABLISHING DEFENDANT APPELLANT'S INCOME AND NOT PROVIDING THE ADJUSTMENT FOR SPOUSAL SUPPORT PAID AND RECEIVED.
 {¶ 5} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES TO THE PLAINTIFF-APPELLEE WITHOUT EVIDENCE AS TO THE REASONABLENESS OF THE FEES."
 I {¶ 6} In his first assignment of error, appellant asserts the trial court erred in calculating his child support obligation.
 {¶ 7} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 8} Appellant testified at trial relative to his employment income for 2005 totaling $41,000, indicating between $11,000 to 12,000 of the $41,000 represented overtime pay during an abnormally high overtime year. Appellant argues the trial court abused its discretion in including the overtime pay in calculating his gross income for child support purposes.
 {¶ 9} R.C. 3119.05(D) governs the calculation of gross income, providing:
 {¶ 10} "(D) When the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
 {¶ 11} "(1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
 {¶ 12} "(2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."
 {¶ 13} Upon review of the record, appellant failed to provide the trial court with evidence relative to his income or overtime for the three previous years, and only guessed as to the overtime component included in this 2005 income. Accordingly, without such evidence the trial court was free to rely on the evidence presented, and did not err in including the overtime pay attributed to appellant.
 {¶ 14} We next turn to appellant's argument the trial court failed to factor his spousal support obligation in calculating child support. Appellant asserts appellee should have had the $7,200 spousal support annual income figure added to her $12,601 employment income. In turn, appellant argues he is entitled to a deduction of $7,200 from his gross income relative to the calculation of his child support obligation, pursuant to R.C. 3119.05(B). We agree.
 {¶ 15} R.C. 3119.01(C)(7) provides:
 {¶ 16} "(7) "Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration;spousal support actually received; and all other sources of income.* * *"
 {¶ 17} (Emphasis added.)
 {¶ 18} R.C. 3119.05(B) provides:
 {¶ 19} "When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, all of the following apply:
 {¶ 20} * * *
 {¶ 21} "(B) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered spousal support actually paid shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation."
 {¶ 22} (Emphasis added.)
 {¶ 23} We note, the computation worksheet utilized in the determination of appellant's child support obligation provides a line item for such an adjustment as to the amount of spousal support paid.
 {¶ 24} In our review of these provisions, we agree with the reasoning of the Second District Court of Appeals, which stated:
 {¶ 25} "We conclude that in enacting R.C. Chapter 3119, the General Assembly has codified the common sense notion that in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income." Posadny v. Posadny (Feb. 22, 2002), 2nd Dist. No. 18906."
 {¶ 26} Pursuant to R.C. 3119.02, the trial court should have subtracted the spousal support award from appellant's income when calculating his child support obligation. Likewise, the spousal support award should have been included in the calculation of appellee's gross income, pursuant to R.C. 3119.07(C)(7). Pelger v. Pelger (Nov. 14, 2005) Stark App. No. 2005CA00075. We recognize the statute uses the language "actually received" and "actually paid" but conclude child support calculations should include those amounts ordered and anticipated to be paid in the instant, subject order.[1] To hold otherwise would result in additional proceedings for modification based on the obligor's compliance with the instant, subject order. In the event of noncompliance, contempt of court or modification upward may provide the appropriate remedy.
 {¶ 27} Appellant's first assignment of error is overruled, in part, and sustained, in part, and we remand this matter for a redetermination of appellant's child support obligation.
 II {¶ 28} In the second assignment of error, appellant argues the trial court abused its discretion in awarding appellee attorney fees without conducting a hearing.
 {¶ 29} Appellant cites this Court's opinion in Evans v. Evans (Aug. 23, 1997), Licking App. No. 1996CA156, arguing the only evidence presented at trial on the issue of attorney fees was appellee's own testimony she incurred the amount claimed. Without documentary evidence and/or expert testimony, the amount of time and work spent on the case is not evident.
 {¶ 30} In Evans, this court found where the only evidence presented on the issue of attorney fees was the appellee's testimony stating the total current and anticipated legal fees, this was insufficient to demonstrate the amount of time and work spent on the case.
 {¶ 31} Upon review, the trial court had insufficient evidence before it to determine the reasonableness of the attorney fees and costs. Accordingly, we reverse and remand the matter to the trial court for further proceedings on the issue of attorney fees.
 {¶ 32} For the reasons stated above, the May 9, 2006 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed, in part, and remanded for further proceedings consistent with the law and this opinion.
By: Hoffman, J. Wise, P.J. and Farmer,
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 9, 2006 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed, in part, and remanded for further proceedings consistent with the law and our opinion. Costs to be divided equally.
[1] Deductions or credits for spousal support payments pursuant to other orders outside the instant, subject order must have been actually paid or actually