COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BRADLEY KIRKPATRICK

    Plaintiff-Appellant

-vs-

DEBORAH KIRKPATRICK

    Defendant-Appellee


JUDGES:
Hon. William B. Hoffman, P.J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2014AP050018


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2013TM040148 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 3, 2015 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendant-Appellee |
| SETH W. ARKOW | SCOTT J. MASTIN |
| 300 Bank One Tower | 108 1/2 East High Avenue, Suite 3 |

101 Centreal Plaza, South                    New Philadelphia, Ohio 44663
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}   Plaintiff-appellant Bradley Kirkpatrick appeals the April 11, 2014 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which overruled his objections to the magistrate's January 27, 2014 decision, and approved and adopted said decision as order of the court.  Defendant-appellee is Deborah Kirkpatrick.

STATEMENT OF THE CASE AND FACTS

{¶2}   The parties were married on March 10, 2002. Following an incident of domestic violence, Appellee left the marital residence on November 9, 2012.  Appellant filed a complaint for divorce on April 2, 2013.   Appellee filed an answer and counterclaim on April 18, 2013.

{¶3}   On July 1, 2013, the trial court issued an order, referring the case to mediation, and scheduling trial for November 8, 2013.   Counsel for Appellee immediately requested a continuance of the trial. The trial court set a new trial date of January 3, 2014.  A mediation conference went forward on October 4, 3013.

{¶4}   The matter came on for final hearing before the magistrate on January 3, 6, and 7, 2014.   At the start of trial, Appellant expressed his dissatisfaction with his attorney, Joe Tripodi, advised the magistrate he no longer wished to be represented by Attorney Tripodi, and requested a continuance to secure new counsel.  Attorney Tripodi then asked for permission to withdraw.   When asked, Appellant stated he wanted Attorney Tripodi to leave.   The magistrate excused Attorney Tripodi, but denied Appellant's request for a continuance.   The magistrate explained, on the record, the

matter had been set since July, had been on the court's docket for close to six months, and had been previously set for November, 2013, but had been moved to the current date.

{¶5} Prior to the presentation of evidence, the parties entered into settlement discussions, which were unsuccessful. The parties had come to an agreement as to some issues during mediation, which included selling the martial real estate, motor home, and a Kioti tractor at auction, paying all liens and the cost of the sale, and then equally dividing the proceeds. In addition, the parties agreed the divorce should be granted on the ground of incompatibility, and Appellant's pension would be divided equally. The magistrate reviewed the agreement with the parties then proceeded with the hearing.

{¶6} The evidence presented revealed Appellant earned an annual income of $113,005.00 in 2011, and $89,600.00 in 2012. In addition, his August 31, 2013 pay-stub showed a year-to-date income of $76,236.87, which annualizes to $114,198.44. By agreement of the parties during the marriage, Appellee had not worked since 2005. She was currently working as a waitress 20 hours per week, and earning $2.63/hr plus tips.

{¶7} The parties had credit card debt of $9,337.97. Appellee agreed to pay $2,663.00, of the debt. Appellee was responsible for the parties' finances during the course of the marriage. Appellant had separate bank accounts with balances totaling $19,414.41 as of February 28, 2013. Appellee did not have access to these accounts. Appellee withdrew a total of $8,944.00, from the parties' joint savings account between

July 27, 2012, and November 9, 2012, however, she repaid $2,000.00, during that same time period.

**{¶8}** Appellant had a pension with the Ohio Laborers Fringe Benefit Programs. Neither Appellant nor Appellee presented an evaluation of the pension. Appellant has 25 years credit in the pension. Depending on when he retires, Appellant will be eligible to receive between $1,554.00, and $2,566.00 per month from the pension.

**{¶9}** The magistrate issued her decision on January 27, 2014, recommending the parties be granted a divorce on the ground of incompatibility. In addition, the magistrate recommended the parties' joint bank accounts be divided equally; Appellant's pension be divided equally; Appellee be responsible for $2,663.00 in credit card debt and Appellant be responsible for the remaining debt of approximately $6,674.97. The magistrate ordered the parties' marital real estate, motor home, and Kioti tractor be sold at auction, the proceeds be used to pay outstanding liens as well as the cost of the sale with any remaining balance being divided by the parties. The magistrate awarded Appellee spousal support in the amount of $1,500/month for a period of 44 months. The magistrate ordered Appellant to pay $4,500.00 in attorney fees to Appellee.

**{¶10}** Appellant filed pro se objections to the magistrate's decision on January 28, 2014. Subsequently, on February 7, 2014, Attorney Seth Arkow filed objections on Appellant's behalf. Appellant filed a brief in support of his objections on March 28, 2014. Appellee filed a reply to Appellant's objections and a reply to Appellant's brief in support of objections.

{¶11} Via judgment entry filed April 11, 2014, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.

{¶12} It is from this judgment entry Appellant appeals, assigning as error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO CONTINUE THE TRIAL IN ORDER FOR THE PLAINTIFF TO RETAIN NEW COUNSEL.

{¶14} "II. THE TRIAL COURT ERRED IN FAILING TO IMPUTE INCOME TO THE DEFENDANT.

{¶15} "III. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF SETTLEMENT NEGOTIATIONS IN VIOLATION OF EVID. R. 408.

{¶16} "IV. THE TRIAL COURT ERRED IN AWARDING THE DEFENDANT PARTIAL ATTORNEY FEES.

{¶17} "V. THE TRIAL COURT ERRED IN FINDING CERTAIN PERSONAL PROPERTY TO BE THE DEFENDANT'S SEPARATE PROPERTY.

{¶18} "VI. THE TRIAL COURT ERRED IN FAILING TO ENFORCE THE RULES OF EVIDENCE.

{¶19} "VII. THE TRIAL COURT ERRED IN AWARDING THE DEFENDANT SPOUSAL SUPPORT IN THE AMOUNT OF $1,500.00 PER MONTH."

I

{¶20} In his first assignment of error, Appellant contends the trial court abused its discretion in refusing to continue the trial in order for Appellant to retain new counsel.

{¶21} The decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of

discretion. *Lemon v. Lemon,* Stark App. No.2010CA00319, 2011–Ohio–1878, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078.

**{¶22}** In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and other relevant factors, depending on the unique facts of each case. *Unger,* supra, at 67–68, 423 N.E.2d 1078. The reviewing court must also weigh the potential prejudice to the movant against the trial court's right to control its own docket. *In re Barnick,* Cuyahoga App. No. 88334, 2007–Ohio–1720, ¶ 10, quoting *Unger.*

**{¶23}** On the day of trial, Appellant requested a continuance because he no longer wished to be represented by Attorney Tripodi and needed time to retain new counsel. Appellant informed the trial court he wished to discharge counsel as he felt Attorney Tripodi "may have lost or misplaced some of his documents." Appellant did not present any evidence to support this allegation.

**{¶24}** Upon review of the record, we find the trial court did not abuse its discretion in denying Appellant's request for a continuance. Appellant contributed to the circumstances giving rise to the need for the continuance as he chose to discharge counsel the day of trial. In addition, the trial had previously been continued, and the matter had been pending on the court's docket for almost six months.

**{¶25}** Appellant's first assignment of error is overruled.

II

**{¶26}** In his second assignment of error, Appellant argues the trial court erred in failing to impute income to Appellee. We disagree.

**{¶27}** R.C. 3105.18(C)(1) lists 14 factors that a trial court must consider in determining whether spousal support is appropriate and reasonable, including the "income" and "earning abilities" of each party. R.C. 3105.18(C)(1)(a), (b). "Ohio courts have determined that earning ability involves 'both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment." ' *Seaburn v. Seaburn,* 5th Dist. Stark No.2004CA00343, 2005–Ohio–4722, ¶ 32, quoting *Haniger v. Haniger,* 8 Ohio App.3d 286, 288, 456 N.E.2d 1228 (10th Dist.1982). Therefore, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." *Id.* at ¶ 33. It is not necessary that a trial court list each factor articulated in R.C. 3105.18(C) and comment on it, and a reviewing court will presume each factor was considered absent evidence to the contrary. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355.

**{¶28}** Whether a party is "voluntarily unemployed or under-employed" is a factual determination to be made by the trial court based on the circumstances of each particular case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112. Similarly, the amount of income imputed to a person found to be "voluntarily under-employed" is equally a question of fact, not to be disturbed, absent an abuse of discretion. *Id.*

{¶29} Appellee had not worked since 2005. The decision that she not work was made by agreement of the parties. Appellant wanted her to be a stay-at-home wife. Following the parties' separation, Appellee moved to Massachusetts to live with her mother. The only employment Appellee could find was as a part-time waitress, working a maximum of 20 hours/week and earning $2.63/hour plus tips. Appellee had been looking for better employment, but had not been successful in this pursuit.

{¶30} We find the trial court did not err in failing to impute income to Appellee for the purposes of determining spousal support beyond the amount she was currently earning.

{¶31} Appellant's second assignment of error is overruled.

III

{¶32} In his third assignment of error, Appellant submits the trial court erred in admitting evidence of the parties' settlement negotiations in violation of Evid. R. 408.

{¶33} Evid. R. 408 provides: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

{¶34} On the morning of the first day of trial, prior to Appellant discharging counsel, the parties and counsel attempted to negotiate a settlement. The trial court was advised the negotiations had broken down. At that point, Appellant indicated he no longer wished to be represented by Attorney Tripodi. Appellant's counsel was permitted

to withdraw. With permission from the court, Counsel for Appellee consulted directly with Appellant to discuss any partial agreement. Again, the discussions proved futile.

**{¶35}** The parties had reached a partial agreement during mediation which was read onto the record. The agreement allowed for the sale of the real estate and a Kioti tractor with the proceeds divided equally between the parties following payment of any liens and costs. In addition, the parties agreed to an equal division of Appellant's pension, the parties further agreed they were incompatible.

**{¶36}** Counsel for Appellee did inform the court as to the topics previously discussed by the parties. The information was provided to the court prior to presentation of evidence. This information was not offered to prove the amount or validity of a claim, but rather to advise the trial court of the issues still pending. We find the trial court did not violate Evid.R. 408.

**{¶37}** Appellant's third assignment of error is overruled.

IV

**{¶38}** In his fourth assignment of error, Appellant contends the trial court abused its discretion in awarding partial attorney fees to Appellee. Appellant submits Appellee failed to present evidence describing the services rendered, the reasonableness of the time spent on the matter, the reasonableness of the hourly rate, or her payment of the fees.

**{¶39}** Pursuant to R.C. 3105.73(A), a divorce court "may award all or part of reasonable attorney's fees * * * to either party if the court finds the award equitable." In determining whether an award of fees is equitable," the court may consider the parties'

marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." *Id.*

**{¶40}** An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Trott v. Trott,* 10th Dist. No. 01 AP–852, 2002–Ohio–1077. "When the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence, is not an abuse of discretion." *Babka v. Babka* (1992), 83 Ohio App.3d 428, 435, 615 N.E.2d 247. A trial court may use its own knowledge in reviewing the record to determine the reasonableness of attorney fees. *Lough v. Lough*, 5th Dist. Licking App. Nos. 03CA93 and 03CA104, 2005-Ohio-79; *Hawk v. Hawk*, 5th Dist. Tuscarawas App. No. 2002AP0400024, 2002-Ohio-4384.

**{¶41}** Appellee's attorney fees totaled $8,975.00. Appellee offered Exhibit 35 to establish this figure. The fees included work for the numerous mediation sessions conducted during the course of the proceedings, the preparation of motions and hearings relative to the motions, and the preparation for and representation at the three day trial. Appellee did not present evidence to support the reasonableness of the fees.

**{¶42}** It is evident counsel for Appellee spent a great deal of time on this case at the trial level. The trial court was able to note this time and award attorney fees accordingly.

**{¶43}** Appellant failed to object to the trial court's admission of Appellee's Exhibit 35, relating to her attorney fees. Generally, a failure to object in the trial court to the admission of evidence in a civil case waives the right to raise the issue on appeal. *Jacobsen v. Jacobsen,* 7th Dist. Mahoning No. 03 MA 3, 2004–Ohio–3045, ¶ 11; *see*

*Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. Because Appellant failed to object to the evidence and the trial court's admission of such, we find he has waived his right to raise the issue to this Court.

{¶44} Appellant's fourth assignment of error is overruled.

V

{¶45} In his fifth assignment of error, Appellant takes issue with the trial court's classification of certain property as Appellee's separate property.

{¶46} Civ. R. 53 provides:

{¶47} "(b) *Objections to magistrate's decision.* * * *

{¶48} " *(ii) Specificity of objection.* An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

{¶49} * * *

{¶50} " *(iv) Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶51} In his pro se objections as well as the objections filed by Attorney Arkow, Appellant did not object to the magistrate's classification of certain property as Appellee's separate property. Having failed to do so, Appellant has waived his right to assign such error on appeal.

{¶52} Appellant's fifth assignment of error is overruled.

**{¶53}** In his sixth assignment of error, Appellant submits the trial court failed to enforce the Rules of Evidence. Specifically, Appellant contends the trial court erred in admitting evidence of settlement negotiations; evidence of alleged domestic violence; and a photograph not provided to Appellant in discovery. Appellant further asserts the trial court permitted counsel for Appellee to employ leading questions during direct examination.

**{¶54}** With respect to Appellant's assertion the trial court erred in admitting evidence of the parties' settlement negotiations, we overrule this portion of the assignment of error for the reasons set forth in our disposition of Appellant's third assignment of error.

**{¶55}** Appellant also submits the trial court erred in admitting evidence of domestic violence, arguing such evidence was irrelevant. The evidence of domestic violence was relevant as it established why Appellee left the marriage, related to Appellee's mental and emotional state, and explained her current living and employment situation.

**{¶56}** With regard to the photograph which Appellant asserts he was not provided in discovery, we find Appellee provided such to Appellant on the same day she discovered the photograph. Further, Appellant acknowledged the photograph was taken off of his girlfriend's Facebook page.

**{¶57}** Appellant further argues the trial court permitted Appellee's counsel to employ leading questions during the direct examination of Appellee. Appellant failed to object; therefore, has waived the error on appeal.

**{¶58}** The sixth assignment of error is overruled.

VII

**{¶59}** In his final assignment of error, Appellant takes issue with the trial court's award of spousal support.

**{¶60}** This Court reviews the trial court's decision relative to spousal support under an abuse of discretion standard. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83.

**{¶61}** R.C. 3105.18(C)(1) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. These factors include:

**{¶62}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶63}** "(b) The relative earning abilities of the parties;

**{¶64}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶65}** "(d) The retirement benefits of the parties;

**{¶66}** "(e) The duration of the marriage;

**{¶67}** "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

**{¶68}** "(g) The standard of living of the parties established during the marriage;

**{¶69}** "(h) The relative extent of education of the parties;

**{¶70}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶71}** " * * *;

**{¶72}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶73}** " * * *;

**{¶74}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶75}** In examining the magistrate's findings relative to spousal support as adopted by the trial court, we find no abuse of discretion in the order of spousal support. The magistrate considered the factors set forth in R.C. 3105.18 in determining the amount of spousal support. The parties had been married for over eleven years. Appellee had not been employed since 2005. The parties both agreed Appellee would be a stay-at-home wife. Her income was a fraction of Appellant's income. Appellee's earning ability was significantly less than Appellant's earning ability.

**{¶76}** Appellant's seventh assignment of error is overruled.

**{¶77}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur