[Cite as *Suttle v. Suttle*, 2015-Ohio-5398.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NICOLE D. SUTTLE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-CA-14 |
| | : | |
| BRETT A. SUTTLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
of Common Pleas, Domestic Relations
Division, Case No. 10 DR 465

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 21, 2015

APPEARANCES:

For Plaintiff-Appellee:

THOMAS C. LIPP
123 South Bend Street, Suite 309
Lancaster, OH 43130

For Defendant-Appellant:

RANDY L. HAPPENEY
144 E. Main Street
P.O. Box 667
Lancaster, OH 43130

*Delaney, J.*

{¶1} Defendant-Appellant Brett A. Suttle appeals the February 27, 2015 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellee Nicole D. Suttle and Defendant-Appellant Brett A. Suttle were married on February 14, 2007. One child was born as issue of the marriage: B.S., born May 22, 2007.

{¶3} Wife filed a complaint for divorce on August 19, 2010. The Final Decree of Divorce was issued on August 29, 2012. Wife was designated the residential parent and legal custodian of B.S.

{¶4} On June 24, 2013, Wife filed a motion for ex parte/immediate orders and motions for other relief. Wife submitted an affidavit with the motion that stated on June 21, 2013, Husband caused injuries to B.S. while in his care. Wife filed a police report based on the injuries, stating B.S. told her that Husband hit B.S. several times in the buttocks with a belt, causing well-defined bruises of which she supported with attached photographs. In the motion, Wife moved for an order terminating all rights of Husband with regard to B.S. as established in the Final Decree of Divorce. Wife moved the trial court to increase child support. Wife finally requested the trial court order Husband to pay all Wife's attorney fees, courts costs, lost wages, and other such matters with regard to the motion.

{¶5} Wife simultaneously filed a petition for a domestic violence civil protection order in the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 13 DR 385. The trial court granted the ex parte civil protection order.

{¶6} The trial court granted an ex parte order on June 24, 2013 terminating Husband's parenting time rights with B.S. An evidentiary hearing on the motion was set for July 3, 2013. The hearing was continued multiple times until October 21, 2014.

{¶7} On July 12, 2013, Husband was charged with domestic violence and child endangering, both first-degree misdemeanors. On January 30, 2014, Husband entered a guilty plea to disorderly conduct, a fourth-degree misdemeanor.

{¶8} The parties appeared for the hearing on Wife's motion on October 21, 2014. While at the hearing, the parties engaged in settlement negotiations and an entry memorializing the settlement negotiations was filed on October 27, 2014. The trial court granted the civil protection order and the parties' outlined their negotiated terms relevant to the civil protection order. Relevant to the within appeal, the parties resolved that Wife's motion regarding the increase of child support and attorney fees would be heard at a non-oral hearing and each party was to provide the other, through his or her counsel, financial documents necessary for child support modification determination at least ten days before the non-oral hearing. The non-oral hearing was scheduled for November 19, 2014. The judgment entry stated the trial court would make the decision on child support and attorney fees solely on the affidavits and documents filed by the parties. The parties and counsel signed the judgment entry.

{¶9} Husband filed his memorandum in regards to child support on November 26, 2014.

{¶10} On January 14, 2015, the parties entered into an agreed scheduling order. Wife agreed to provide to counsel for Husband any and all documentation upon which she relied for her claim for attorney's fees on or before January 23, 2015. On February 2, 2015, the trial court continued the non-oral hearing to February 18, 2015.

{¶11} Wife filed her memorandum regarding child support and attorney's fees on February 25, 2015. Attached to the motion was an affidavit from Wife's counsel as to his billing. The attorney fee bill stated counsel's hourly rate was $250 per hour. The bill was for matters pending through February 25, 2015. The total hours were 67.5 hours resulting in $16,875.00 in attorney's fees. Costs were $463.00. The total bill was $17,338.00. The fee statement showed that Wife had paid $8,000.00, resulting in a $9,338.00 balance.

{¶12} Husband did not file a response to the memorandum.

{¶13} The trial court issued its judgment entry on February 27, 2015. The trial court denied Wife's motion for modification of child support. As to attorney's fees, the trial court awarded Wife attorney's fees pursuant to R.C. 3105.73. The trial court stated in its judgment entry:

19. The Plaintiff is seeking an award of attorney fees in accordance with O.R.C. §3105.73. The Plaintiff alleges that it was the conduct of the Defendant which led to her need to incur the attorney fees at issue. The Plaintiff is seeking an attorney fee award of $17,338.00. The Plaintiff has paid $8000.00 of her attorney fee bill, and $9,338.00 remains unpaid.

* * *

21. In accordance with O.R.C. §3105.73(B), the Court finds that an award of attorney fees to the Plaintiff is equitable in this matter. There is a significant income difference between the parties. The conduct of the Defendant during his parenting time with the minor child led Plaintiff to file her Motions with the Court. The attorney fee bill is reasonable and appropriate concerning the issues pending before the Court. Upon review of the record that there had been a motion for Contempt filed by the Defendant against the Plaintiff and a Petition for Civil Protection Order filed by the Plaintiff which are included in Plaintiff's attorney fee billing.

22. It is not appropriate to award attorney fees for a separate civil protection order proceeding with this case number. Further, O.R.C. §3105.73 would not apply to civil protection orders.

23. Based on the information presented to the Court, it would not be equitable to award attorney fees to the Plaintiff for her defense of the motion for contempt filed by the Defendant.

24. Based on the evidence presented to the Court, it [is] equitable to award attorney fees to the Plaintiff in the amount of $9000.00.

{¶14} It is from this judgment Husband now appeals.

**ASSIGNMENT OF ERROR**

{¶15} Husband raises one Assignment of Error:

{¶16} "THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES WITHOUT EVIDENCE TO THEIR REASONABLENESS OR EVIDENCE AS TO WHICH FEES CORRESPOND TO THE WORK FOR WHICH FEES ARE AWARDABLE."

**ANALYSIS**

{¶17} Husband argues in his sole Assignment of Error that it was error to award $9,000.00 in attorney's fees to Wife based on the evidence presented.

{¶18} Wife moved for attorney's fees based on her post-decree motions. The trial court awarded Wife attorney's fees pursuant to R.C. 3105.73. R.C. 3105.73(B) states,

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

{¶19} An award of attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Kirkpatrick v. Kirkpatrick*, 5th Dist. Tuscarawas No. 2014AP050018, 2015-Ohio-427, ¶ 40 citing *Trott v. Trott*, 10th Dist. Franklin No. 01 AP–852, 2002–Ohio–1077. "When the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence, is not an abuse of discretion." *Babka v. Babka*, 83 Ohio App.3d 428, 435, 615 N.E.2d 247 (9th Dist.1992). A trial court may use its own knowledge in reviewing the record to determine the reasonableness of attorney fees. *Lough v. Lough*, 5th Dist. Licking App. Nos. 03CA93 and 03CA104,

2005–Ohio–79; *Hawk v. Hawk*, 5th Dist. Tuscarawas App. No.2002AP0400024, 2002–Ohio–4384.

{¶20} The parties agreed, as memorialized in the October 27, 2014 judgment entry, that the issue of attorney's fees would be resolved by the trial court at a non-oral hearing based on affidavits and documents submitted by the parties. Wife filed her memorandum in support of her motion for child support modification and attorney's fees on February 25, 2015. The attorney fee bill was attached to the motion. While the trial court ruled on the motion on February 27, 2015, we note Husband did not file a responsive motion or a motion for leave to respond to the memorandum to raise his objections to the attorney fee bill to the trial court.

{¶21} Husband argues in this case, the parties were involved with three different matters: Wife's June 24, 2013 motion for custody modification, the civil protection order, and the criminal proceeding. Husband states that Wife's attorney fee bill reflects the work done on all three matters, not just work done on the original June 24, 2013 post-decree proceeding. Husband argues Wife should have submitted an itemized bill reflecting counsel's work on the post-decree matter. The trial court acknowledged that it could not award attorney fees for work done on the civil protection order or defending against Husband's motion for contempt. Husband further argues that Wife's motion to modify child support was unsuccessful; therefore, Wife should not be entitled to attorney's fees.

{¶22} A review of the record shows the trial court did not abuse its discretion in ordering Husband to pay approximately one-half of the total attorney's fees. First, the parties agreed on October 27, 2014 to the manner in which the trial court was to rule

upon the request for attorney's fees. The parties agreed to submit affidavit and documentary evidence as to the child support and attorney's fees issues. The trial court would then conduct a non-oral hearing and resolve the matter. As this Court discussed in *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, the parties' decision to resolve the matter of attorney's fees without a hearing constrains this Court's ability to review and resolve the matter. Husband cites to this Court's decision in *Worley v. Worley*, 5th Dist. Licking No. 06-CA-63, 2007-Ohio-252, where we remanded the issue of attorney's fees to the trial court for further proceedings because we found the trial court made its decision as to attorney's fees based on insufficient evidence. The case is silent, however, as to what manner of evidence was presented to the trial court on the issue of attorney's fees. In *Worley*, we relied upon *Evans v. Evans*, 5th Dist. Licking No. 1999CA156 (Apr. 23, 1997), that held where the only evidence presented on the issue of attorney fees was the appellee's testimony stating the total current and anticipated legal fees, this was insufficient to demonstrate the amount of time and work spent on the case. *Id.* at ¶ 30. In this case, Wife submitted her counsel's attorney fee bill that demonstrated the amount of time and work spent on the case.

{¶23} Second, as the trial court stated, Husband's conduct precipitated Wife's need to incur attorney's fees. The trial court held it was Husband's conduct during his parenting time with the minor child that led Wife to file her motions with the trial court. Pursuant to R.C. 3105.73(B), the trial court is permitted to consider the parties' conduct and any other relevant factors the court deems appropriate to determine whether an award of attorney's fees is equitable.

{¶24} Third, while Husband argues Wife should not receive attorney's fees based on her unsuccessful motion for child support modification, we find the child support issue resolved in the February 27, 2015 judgment entry was just one of the matters left pending after the October 27, 2014 agreed judgment entry. A review of Wife's June 24, 2013 motion for custody modification shows that the majority of the issues were resolved at the October 21, 2014 hearing as reflected by the October 27, 2014 agreed judgment entry. The only remaining matters left to the trial court's resolution were the child support modification and attorney's fees.

{¶25} The total amount of attorney's fees was $17,338.00. In her motion, Wife sought an award of the total amount of the attorney's fees. The trial court ordered Husband to pay $9,000.00, which is approximately 50% of the total amount of attorney's fees sought. We find no abuse of discretion as to the trial court's award of attorney's fees to Wife.

{¶26} Husband's sole Assignment of Error is overruled.

## CONCLUSION

{¶27} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.